IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALBERT BROWN | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:16CV651-WHB-JCG |
| MITCH ADCOCK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, MARY CURRIER, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, AND MISSISSIPPI DEPARTMENT OF HEALTH | DEFENDANTS |

**DEFENDANTS' REBUTTAL
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Mitchell Adcock, Dr. Mary Currier, and Mississippi State Department of Health ("MSDH") submit this Rebuttal in Support of Motion for Summary Judgment.

**I.    Plaintiff Has Not Shown a Conflict in Substantial Evidence Sufficient to Defeat Summary Judgment**

In response to Defendants' Motion for Summary Judgment, Plaintiff has not presented any admissible, relevant evidence to demonstrate the existence of a conflict in substantial evidence sufficient to defeat summary judgment.

Plaintiff's Reply in Opposition is nothing but an attempt to distract the Court and create confusion.[1]  Indeed, the reply and supporting memorandum contain misleading

---

[1] For example, Plaintiff states that Dr. Currier has never selected an African-American male for a position that was not posted.  Doc. 49, at 2.  Plaintiff has not pled a sex discrimination case.  This statement is further misleading because Dr. Currier clearly testified that she had directly appointed at least two African-Americans. Ex. G, at 13, 15-16.  Plaintiff's in depth discussion of the race of the directors who report to Mr. Adcock is also not relevant.  The instant case is a single Plaintiff disparate treatment case as opposed to a disparate impact case in which there are no allegations involving any other positions or that MSDH has engaged in a pattern and practice of discriminating against any individual other than Plaintiff.  There is no evidence that racial animus played any role in the selection of any of these other individuals or the circumstances surrounding their selection.

1

statements and blatant misrepresentations of fact. Plaintiff also attempts to improperly utilize a settlement offer, which was submitted at the request of Plaintiff's counsel, to support his claims.[2]

The undisputed facts show that Plaintiff clearly testified that he was not interested in any position other than that of the CIO. He refused a promotion, which was not linked to any settlement offer, to a position of Systems Manager III. Although Plaintiff's attorney attempts to argue that this offer was part and parcel of the parties' previous settlement negotiations, there is absolutely no evidence to support this misrepresentation. Indeed, a review of the settlement offer makes clear that it was a promotion in title and pay only and he would have continued with the same duties. Kevin Gray clearly testified that the new position offered to Plaintiff would have combined the responsibilities for the help desk and technicians. Ex. H, at 79-80. Plaintiff also testified that the position would have involved managing the hardware technicians and the help desk. Ex. A, at 36. Further, Mitch Adcock testified that while he had no knowledge of the terms of the settlement offer, Plaintiff had been offered a promotion to a Systems Manager III position which would have involved his assuming responsibilities for additional areas, but Plaintiff rejected the offer. Ex. D, at 52. Notably, Plaintiff's deposition testimony does not link the settlement offer to his rejection of the promotion to Systems Manager III position offered by Kevin Gray.

---

[2] Defendants have filed a Motion to Strike regarding Plaintiff's attempted use of a prior settlement offer as evidence. See Doc. 51. Plaintiff acknowledges this document is a settlement offer. Doc. 49 at 8.

## II. There Is No Evidence of Race Discrimination

Plaintiff cannot establish a prima facie case of race discrimination. Plaintiff must show that: "(1) [he] belongs to a protected class; (2) [he] sought and was qualified for the promotion; (3) [he] was denied the promotion; and (4) the position sought was filled by someone outside the protected class." *Johnson v. Louisiana ex rel Louisiana Bd. of Sup'rs*, 79 Fed. Appx. 684, 686 (5th Cir. 2003) (citations omitted).

As set forth in Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Plaintiff cannot show that he was qualified for or sought the position of Director of Health Informatics. There is no evidence that Plaintiff applied for or was interested in the Director of Health Informatics position. In fact, he clearly, affirmatively, and voluntarily testified that he did not want any position other than that of CIO. Ex. A, at 37.

In his opposition to Defendants' motion, Plaintiff raises a claim for the first time that an application would have been futile and thus he is not required to establish that he applied for the position of Director of Health Informatics. However, this argument is misplaced. Indeed, the cases cited by Plaintiff actually lead to the opposite conclusion in his case. In *Int'l Broth. of Teamsters v. U.S.*, the United States Supreme Court held "[a] nonapplicant must show that he was a potential victim of unlawful discrimination. Because he is necessarily claiming that he was deterred from applying for the job by the employer's discriminatory practices, his is the not always easy burden of proving that he would have applied for the job had it not been for those practices." 431 U.S. 324, 367-68 (1977). Plaintiff has not done so.

Further, Plaintiff's reliance upon *McLin v. Chiles* is also misplaced. 2016 WL 208322 (S.D. Miss. 2016). In *McLin*, the Court ultimately refused to consider McLin's futility argument because it was never pled. "As a general rule, '[a] claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court." 2016 WL 208322, *2. Such is the case here. Plaintiff's Amended Complaint contains no allegation that any application for the Director of Health Informatics position would have been futile. Likewise, when questioned in deposition regarding whether he applied for the position, Plaintiff never raised the issue of futility.[3] Plaintiff's own testimony, that he was not interested in any position other than that of CIO, is the most telling. Ex. A, at 37.

Not only did Plaintiff not apply for the Director of Health Informatics position, he was not qualified for it. Again, Plaintiff attempts to create confusion where none exists and affirmatively misrepresents the testimony of Mitch Adcock with regard to this point. Mr. Adcock testified:

> Q: So I'll ask you the question today: Was he qualified – or is he qualified to be the director of health informatics?
>
> A: I cannot specifically say that. I am saying a closer comparison by the state personnel board would need to be made to make that determination.

Ex. E, at 44.

> Q: You would agree with me that Albert Brown is qualified to be the Health Informatics Director?
>
> A: I would not.

---

[3] Plaintiff's reference to Dr. Currier's testimony regarding the fact that she "would prefer not to spend more time on lawsuits" is not relevant to whether it would have been futile for Plaintiff to apply for the position. Ex. G, at 78. She was not the decision maker with regard to the position at issue. To make such a leap would require an inference upon inference. Further, this testimony is directly linked to the settlement offer which is not admissible evidence.

> Q: Okay. Tell me why not.
>
> A: Because the expertise I was looking for were project managers and the ability and the relationship with ITS.
>
> . . .
>
> And relationship with ITS to get projects through and approved by ITS. Working knowledge and understanding and relationships with ITS.

Ex. D, at 43-44. Plaintiff's memorandum confuses the reader with regard to its discussion of the CIO position and the Director of Health Informatics position in an attempt to detract from Mr. Adcock's clear deposition testimony. See Doc. 49 at 16. Further, Plaintiff's discussion of the requirements of the CIO position has no bearing in this case.[4]

Although Plaintiff argues that a memorandum from Dr. Currier reiterating the agency's commitment to equal employment opportunities is evidence that MSDH did not follow its internal procedures, Plaintiff misconstrues and misrepresents the contents of that memorandum. There is absolutely no evidence that MSDH failed to follow its own internal procedures with regard to the Director of Health Informatics position. Indeed, deposition testimony established that multiple positions within the agency are filled by a direct appointment, including when Albert Brown was promoted to Systems Manager II and offered the position of Systems Manager III. Ex. B, at 21; Ex. D, at 100; Ex. G, at 16-19. Moreover, Plaintiff's argument that such is evidence of discrimination is also

---

[4] Plaintiff attempts to show that he is qualified for the Director of Health Informatics position because this Court found that he was minimally qualified for the CIO position for purposes of summary judgment in Brown I. He further points to a selective portion of Mr. Davis' testimony in which he stated that Plaintiff appeared to be qualified on paper for the CIO position in Brown II. However, Mr. Davis further testified that Plaintiff's interview made clear that he was in fact not qualified for the CIO position. These are two separate and distinct positions with different requirements.

incorrect. "A defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other non-minority employees because Title VII does not protect employees from the arbitrary employment practices of their employer, only their discriminatory impact." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) (quotation omitted). Here, MSDH followed its own policies and there is no evidence to the contrary. Further, there is no evidence that Plaintiff was treated differently than a non-minority in this regard, and in fact has been the recipient and beneficiary of a direct appointment.

### A. Plaintiff has not shown that Defendants' legitimate, nondiscriminatory reason for the decision is pre-text

Even if Plaintiff could establish a prima facie case of race discrimination, he has not come forward with evidence sufficient to rebut Defendants' legitimate, non-discriminatory reason for the decision. Again, Plaintiff's arguments in this regard are false and misleading.

After consultation with Human Resources and the legal department, MSDH decided to utilize the direct appointment process for the CIO position. The job description contains objective criteria for the position. Based on past experience with the position, MSDH determined that it was of the upmost importance for the incumbent to have project management experience and a relationship with ITS. While Plaintiff claims that the process was subjective and thus discriminatory, the evidence does not support such a finding. An employer may rely on subjective reasons to select one candidate over another, however, such as a subjective assessment of the candidate's performance in an interview." *Martinez v. Tex. Workforce Comm'n*, 775 F.3d 685, 688 (5th Cir. 2014). *See*

*also Gregory v. Town of Verona*, 574 Fed. Appx. 525, 528 (5th Cir. July 27, 2014) ("The mere fact that an employer uses subjective criteria is not, however, sufficient evidence of pretext.") (quotation omitted).

Kevin Gray was identified as the best candidate for the position. "Hiring the best-qualified individual for the job is generally a legitimate, non-discriminatory reason for an adverse employment decision." *Patrick v. Ridge*, 2010 WL 147802, at *5. Plaintiff has not even attempted to rebut this reasoning by arguing that he is clearly better qualified than Mr. Gray – because he cannot do so. According to the Fifth Circuit, "the bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person . . . could have chosen the candidate selected over the plaintiff for the job in question." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 357 (5th Cir. 1993) (internal quotation omitted). Employers such as MSDH are free to evaluate an applicant's qualifications so long as race is not a motivating factor. *Martinez v. Tex. Workforce Comm'n*, 775 F.3d 685, 688 (5th Cir. 2014). "Indeed an employee's better education, work experience, and longer tenure with the company do not establish that he is clearly better qualified." *Id*. (internal quotation omitted). The Fifth Circuit has repeatedly held that "an employer's bare assertion that it chose the "best qualified" candidate meets the employer's burden at this step…" *Gregory*, 574 Fed. Appx. at 528.

Plaintiff has failed to meet his burden of showing that this reason is false or unworthy of credence and that discrimination lay at the heart of the decision. *Gregory v. Town of Verona*, 2013 WL 12091051, at *2 (N.D. Miss. Nov. 7, 2013) (quotation

7

omitted). When asked why Plaintiff believed he had been discriminated against with regard to the position of Director of Health Informatics, Plaintiff made clear that his belief is based solely on the fact that Kevin Gray is white.

> Q: Why do you believe that by hiring Kevin Gray as the Director of Health Informatics, why was that discrimination?
>
> A: Because he's a white male and I'm a black male, and the position that he was actually taking on is the CIO.

Ex. A, at 43. There is no evidence that the creation of the Director of Health Informatics position was discriminatory. The law is clear that Plaintiff's subjective belief of discrimination is not sufficient to defeat Defendants' Motion for Summary Judgment. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir.1999) ("This court has consistently held that an employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief.") (internal quotation marks and citation omitted). Indeed, "discrimination suits still require evidence of discrimination." *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

Plaintiff's discussion of his previous lawsuits is also not relevant to the instant case because different decision makers were involved in each instance and thus cannot possibly show present discrimination. Simply because Plaintiff repeatedly states that Mr. Adcock made the decision to hire Mike Scales, without citation to any record evidence, does not make it so. To the contrary, Mr. Adcock had no involvement in the decision to hire Mike Scales as CIO and does not even know who made the decision. Ex. J.

Plaintiff has failed to show that Defendants' legitimate, non-discriminatory reason is false or unworthy of credence. As such, he has failed to meet his burden of showing that intentional discrimination lay at the heart of Defendants' decision. *See Price v. Fed.*

*Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) ("On summary judgment . . . the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision.").

### III.     There Is No Evidence of Retaliation

As set forth in Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Plaintiff also cannot establish the prima facie elements of a retaliation claim.  Plaintiff alleges that he was denied a promotion, however, as set forth above, he did not apply for the position.  There is no requirement that MSDH retain any particular position and there are no restraints on MSDH's ability to structure its business operations in the manner it deems most appropriate.  Plaintiff admittedly was only interested in the CIO position, which was eliminated.  Plaintiff also cannot show a causal connection between his protected activity and the fact that he was not selected for the position of Director of Health Informatics.

Plaintiff argues that causation is established because of temporal proximity – that the Brown II litigation was ongoing when the decision to hire Kevin Gray was made.  However, this argument fails.  It is clear that since the United States Supreme Court clarified in *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013), that the proper standard for causation is "but-for," temporal proximity alone is not sufficient to establish causation.  *Hernandez v. Metro. Transit Auth.*, 673 Fed. Appx. 414, 420 (5th Cir. Dec. 21, 2016).[5]

#### A.     There is no evidence of pre-text

Further, Plaintiff cannot rebut Defendants' legitimate, non-retaliatory reason for the decision to hire Kevin Gray.  There is no conflict in substantial evidence with regard

---

[5] The cases cited by Plaintiff and the law applied by Judge Reeves in Brown II pre-date *Nassar*.

to the consistent testimony of all representatives of MSDH on this point - - that MSDH realized that an individual with IT skills as well as project management skills and a relationship with ITS was necessary. Contrary to the misrepresentation in Plaintiff's opposition, Mr. Adcock did specifically question whether Plaintiff met the minimal qualifications for the position and testified that he would have been required to consult with the state personnel board to make such a determination. Regardless, there is no conflicting evidence with regard to the reasoning for MSDH's decision to hire Mr. Gray.[6] Instead, Plaintiff can only point to his own subjective belief as evidence of retaliation: "in my mind, the reason why they did not advertise or show it as a CIO position was an effort to keep me from being able to, in their minds, I guess in my belief, saying it was discrimination for the CIO position." Ex. A, at 44. However, such is not sufficient to defeat a properly supported motion for summary judgment. *Bauer*, 169 F.3d at 967.

### IV. Plaintiff Has Not Properly Pled a Violation of 42 U.S.C. § 1981

Plaintiff's Amended Complaint purports to state a claim for race discrimination in violation of 42 U.S.C. § 1981. However, such claims may only be brought through 42 U.S.C. § 1983. In response, Plaintiff argues that *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014) requires only a short and plain statement showing that the pleader is entitled to relief and does not require express invocation of § 1983. However, *Johnson* involved a claim of violation of the Fourteenth Amendment, not 42 U.S.C. § 1981, against a municipality only. Because Plaintiff has alleged claims against individual defendants as

---

[6] Plaintiff's statement that Defendants have not asserted that Gray would have been selected notwithstanding Brown's prior lawsuits confuses the allocations of the burdens of proof. Defendants are required to present their legitimate, non-discriminatory reason for the decision. Here, MSDH selected the individual it believed to be the most qualified for the position. The burden then shifts to Plaintiff to show pre-text and that "but-for" the protected activity, he would have been selected. See *Feist v. La. Dep't of Justice*, 730 F.3d 450, 454 (5th Cir. 2013).

well as a state agency, there are considerations such as Eleventh Amendment immunity and qualified immunity which are implicated in § 1983 cases alleging a violation of 42 U.S.C. § 1981.

### 1. Defendants are immune from Plaintiff's claims under 42 U.S.C. § 1981

To the extent that the Court determines that Plaintiff did properly plead a claim under 42 U.S.C. § 1981, Defendants are entitled to Eleventh Amendment immunity. The Eleventh Amendment bars suits in federal court against a state government by its citizens, as well as citizens of other states. *Edelman v. Jordan*, 415 U.S. 651 (1974). As succinctly stated by the Fifth Circuit, "[t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against . . . a state agency or department." *Richardson v. S. Univ.*, 119 F.3d 450, 452 (5th Cir. 1997). As a result, Plaintiff cannot sue MSDH or its officers in their official capacity unless the State of Mississippi has waived its sovereign immunity, which it has not.

Indeed, this Court has previously held that MSDH is an arm of the state and thus the Eleventh Amendment bars claims under 42 U.S.C. § 1981 against MSDH and MSDH employees in their official capacities. *Jordan v. Miss. State Dep't of Health*, 2007 WL 2344963, at * 3-5(S.D. Miss. Aug. 16, 2007). As in *Jordan*, Plaintiff has not sought injunctive relief and as such he has no possibility of recovering under § 1981 or § 1983 against MSDH or Dr. Currier and Mr. Adcock in their official capacities. Thus, Plaintiff's claims under 42 U.S.C. § 1981 must be dismissed.

With regard to the claims against Dr. Currier and Mr. Adcock in their individual capacities, Dr. Currier and Mr. Adcock are entitled to qualified immunity. The doctrine of qualified immunity shields government officials from civil liability if their actions

were objectively reasonable in light of clearly established law. An official is entitled to immunity as long as he acted reasonably and even if he was ultimately wrong about the legality of his actions. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violated the law").

The Fifth Circuit has articulated the two-step qualified immunity analysis as follows:

> To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.

*Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008). Here, Plaintiff has alleged a violation of a clearly established constitutional right. However, he cannot show that either Dr. Currier or Mr. Adcock's conduct was objectively unreasonable. As set forth in Defendants' memorandum and this rebuttal, Plaintiff cannot show that he was a victim of race discrimination or retaliation. Moreover, Plaintiff has based his claim against Dr. Currier on his unsubstantiated belief that she instructed Mr. Adcock to eliminate the CIO position to prevent him from ever applying for it again. Ex. A, at 56-57. There is absolutely no evidence that Mr. Adcock's decision to eliminate the CIO position and create the Director of Health Informatics position was made for any illegal purpose or that Dr. Currier directed him to do so. Accordingly, Mr. Adcock and Dr. Currier are entitled to qualified immunity with regard to Plaintiff's claims under 42 U.S.C. § 1981.

## V. Plaintiff's Equal Protection Claims Fail As a Matter of Law

### A. The Mississippi Constitution does not contain an Equal Protection Clause

As set forth in Defendants' supporting memorandum, the Mississippi Constitution does not contain an equal protection clause. Plaintiff does not dispute this fact and thus this claim is due to be dismissed.

### B. Plaintiff's Fourteenth Amendment Equal Protection Claim Fails

With regard to Plaintiff's Equal Protection claim under the United States Constitution, his Amended Complaint merely lists the clause in a string of statutes and purported constitutional provisions in two paragraphs, but does not otherwise link his allegations to this claim. Plaintiff has not alleged any action which affects a group of citizens, but rather his claims focus on the fact that he was not promoted to the Director of Health Informatics. He has also not alleged any facts or allegations with regard to the other positions referenced in his opposition to Defendants' Motion for Summary Judgment. See Doc. 49 at 29.

To the extent that this Court will construe Plaintiff's amended complaint as alleging a violation of the Equal Protection clause, such claim is analyzed under the same framework as a Title VII or 42 U.S.C. § 1981 claim. *Pree v. Washington Cnty. Bd. of Supervisors*, 2017 WL 473906, at * 3 (N.D. Miss. February 3, 2017) (citations omitted). The qualified immunity analysis for individual defendants is also the same as under 42 U.S.C. § 1981. *Id.* Accordingly, Plaintiff's claim for race discrimination in violation of the Equal Protection claim must fail for the reasons set forth in Defendants' memorandum and above. Similarly, Dr. Currier and Mr. Adcock are entitled to qualified immunity for the reasons set forth above. Finally, the "Equal Protection Clause does not

preclude workplace retaliation." *Taylor v. Hinds Cnty. Dep't of Human Servs.*, 2013 WL 5406485, at *5 (S.D. Miss. Sept. 25, 2013) (quotations omitted). As such, Plaintiff's Equal Protection claims must be dismissed in their entirety.

## VI.    Plaintiff Has Failed to Mitigate Any Alleged Damages

As explained in Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Plaintiff has failed to mitigate his damages as required by law. He has not sought any equivalent employment despite this Court's previous determination that he ought to be able to find a job comparable to the CIO position within three years.

Mr. Davis testified of his knowledge of numerous positions for which Plaintiff could have applied, but did not. Plaintiff has not disputed this fact. Moreover, Plaintiff rejected a promotion which would have resulted in his earning more than the position which forms the basis of this lawsuit. As discussed in section I above, the position rejected by Plaintiff and the contents of the settlement offer are separate and distinct. As such, this Court should find that Plaintiff has failed to mitigate his alleged damages.

## VII.   The Same Actor Inference Precludes a Finding of Race Discrimination or Retaliation

Defendants are entitled to the benefit of the same actor inference because Mr. Adcock – the same individual who Plaintiff claims discriminated against him – actually promoted him to manage the help desk which gave him greater supervisory responsibilities. While the Fifth Circuit has not specifically applied the same actor inference in a promotion case, such is appropriate here.

Mr. Adcock, who did not initially hire Plaintiff into an entry level position, selected Plaintiff to manage the help desk. The fact that Plaintiff was also offered a promotion to a higher position also supports an inference that discrimination did not

14

occur. This fact alone refutes Plaintiff's argument that Defendants are not willing to promote Plaintiff above a certain level. Thus, the reasons why the inference might not be applicable in the failure to promote context are not applicable here. *See Soublet v. La. Tax Comm'n*, 766 F. Supp. 2d 723, 729-30 (E.D. La. 2011).

## VIII. Conclusion

Plaintiff has not met his burden to produce evidence which could lead a fact finder to believe that discrimination or retaliation lay at the heart of MSDH'S decision to hire Kevin Gray as Director of Health Informatics. Instead, he has presented nothing but irrelevant and often untrue "facts" that are based on nothing but speculation and conjecture in an effort to defeat Defendants' properly supported Motion for Summary Judgment. Based on the above analysis and the facts and law set forth in Defendants' Motion for Summary Judgment and supporting memorandum, Defendants respectfully requests this Court grant summary judgment in their favor.

Respectfully submitted, this 6th day of September, 2017.

**MITCH ADCOCK, MARY CURRIER, AND THE MISSISSIPPI STATE DEPARTMENT OF HEALTH**

BY:   s/ *Ashley Eley Cannady*

Armin J. Moeller, Jr., MSB#3399
Ashley Eley Cannady, MSB#101253
Balch & Bingham LLP
188 E. Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com
acannady@balch.com

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Lisa M. Ross
Post Office Box 11264
Jackson, MS 39283-1264

This the 6th day of September, 2017.

s/ *Ashley Eley Cannady*
ASHLEY ELEY CANNADY