IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


ALBERT BROWN                                              PLAINTIFF


VS.                            CIVIL ACTION NO. 3:16-cv-651-WHB-JCG


MITCH ADCOCK, in his Individual
and Official Capacities, MARY CURRIER,
in her Individual and Official Capacities;
and MISSISSIPPI DEPARTMENT OF HEALTH                      DEFENDANTS


OPINION AND ORDER

This cause is before the Court on the Motion of Defendants for Summary Judgment.  Having considered the pleadings, the attachments thereto,[1] as well as supporting and opposing authorities, the Court finds the Motion should be granted in part, and denied in part.

To the extent the subject Motion seeks summary judgment on the claims alleged against Mitch Adcock and Mary Currier, in both their official and individual capacities, including any claims that do not specifically reference 42 U.S.C. § 1983, the Motion is granted, and these defendants will be dismissed.

To the extent the subject Motion seeks summary judgment on the 42 U.S.C. § 1981 claims, the constitutional Equal Protection violation claims, and any claims that do not specifically reference

---

[1]  By prior Order, Plaintiff was placed on notice that all of the exhibits referenced in his Response to the Motion for Summary Judgment had not been filed, and he was granted up to and including October 16, 2017, to correct this deficiency.  See Order [Docket No. 53].  Plaintiff did not file any additional exhibits.

42 U.S.C. § 1983 that are alleged against the Mississippi State Department of Health, the Motion is granted.

To the extent the subject Motion seeks summary judgment on the Title VII discriminatory failure to promote and retaliation claims that are alleged against the Mississippi State Department of Health, the Motion is denied. Summary judgment is also denied with respect to the issues of same actor inference and mitigation.

## I.  Factual Background and Procedural History

Albert Brown ("Brown") was hired by the Mississippi Department of Health ("MSDH") as a Systems Analyst III in January of 1997, and was promoted to a Systems Manager I position in 1998. Mary Currier ("Currier") is the current State Health Officer for the MSDH, and Mitch Adcock ("Adcock") is its Chief Administrative Officer. In 2003, Brown applied for the position of Chief Information Officer ("CIO"), but was not selected. After remaining vacant for some time, the CIO position was filled by a white male in April of 2004. Thereafter, Brown filed his first lawsuit against the MSDH alleging he had been discriminated against on the basis of race. See Brown v. MSDH, 3:05-cv-109-WHB (S.D. Miss.) ("Brown I"). The case was tried to a jury that found in Brown's favor, and that decision was affirmed on appeal. See Brown v. MSDH, 256 F. App'x 710 (5th Cir. 2007).

In 2008, Brown again applied for the CIO position after it

2

again became available, and he was again denied the position.[2]
Thereafter, Brown filed his second employment discrimination
lawsuit against the MSHD alleging claims including failure to
promote on the basis of race and retaliation.  See Brown v. MSDH,
3:11-cv-146-CWR(S.D. Miss.)("Brown II").  After the court in Brown
II granted a directed verdict to the MSDH with respect to Brown's
race discrimination claim, the retaliation claim was submitted to
the jury that found in Brown's favor.  This decision was affirmed
on appeal.  See Brown v. MSDH, 550 F. App'x 228 (5th Cir. 2013).

In 2013, the CIO position again became available.  After a
review of the Information Technology Department, the MSDH claims it
determined that the appropriate job classification for the head of
that department should be "Office Director" because this is the
predominant job classification for department heads in state
government.  Thus, the CIO position was replaced with the position
of Director of Health Information ("DHI").  The DHI position was
never publicized or posted and, therefore, Brown did not have an
opportunity to apply for that position.  Instead, Adcock directly
hired a white male, Kevin Gray ("Gray"), to the DHI position in May
of 2014.

Shortly thereafter, Brown filed a Charge of Discrimination
with the EEOC claiming that the refusal of the MSDH to permit him

---

[2]  In 2008, Brown was assigned to the position of Manager of
the help desk.  This position did not change his designation as
Systems Manager I, but gave him greater supervisory
responsibilities and direct reports.

from being considered for the DHI position, and then directly hiring a white male to the position, had subjected him to race-based discrimination and retaliation in violation of federal law. Upon receiving a Right-to-Sue Notice from that agency, Brown filed this lawsuit in this Court against the MSDH, Currier, and Adcock alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.[3]  Brown also alleges that the actions of the named defendants violate the equal protection clauses of both the federal and state constitutions.  Defendants have now moved for summary judgment on Brown's claims.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

---

[3]  As Brown has alleged claims arising under federal law, the Court may exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-

Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

## III.  Discussion

### A.   Employment Discrimination/Failure to Promote

### i.   Section 1981 Claims

Defendants have moved for summary judgment on the employment discrimination/retaliation claims alleged by Brown under Section 1981 on the grounds that such claims cannot be brought against state agencies or their employees.  As to this issue, the United States Supreme Court has held that Congress intended 42 U.S.C. § 1983 to be the sole remedy for race discrimination by persons acting under color of state law: "[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."  Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, (1989)(quoting 42 U.S.C. § 1981(b)); id. at 731 ("When suit is brought against a state actor, § 1983 is the exclusive federal remedy for violation of the rights guaranteed in § 1981.").  As

such, "plaintiffs must assert a cause of action against state
actors under § 1983 to remedy violations of civil rights under §
1981." Oden v. Oktibbeha Cnty., 246 F.3d 458, 462-63 (5th Cir.
2001).

Following Jett and Oden, the United States Court of Appeals
for the Fifth Circuit and District Courts in Mississippi have
regularly dismissed Section 1981 claims that have been brought
against state agencies and actors. See, e.g., King v. Louisiana,
294 F. App'x 77, 84 n.9 (5th Cir. 2008)(holding that Section 1981
does not provide a separate cause of action against governmental
entities"); Myers v. Mississippi Office of Capital Post-Conviction
Counsel, 720 F.Supp.2d 773, 780 (S.D. Miss. 2010)(finding that the
plaintiff could not pursue claims under Section 1981 against a
state agency "because [that statute] creates no right of action
against state actors separate from § 1983"); Delaney v. Mississippi
Dept. of Pub. Safety, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24,
2013)(holding that the plaintiff could not maintain Section 1981
claims for employment discrimination and retaliation since such
claims could only be brought under § 1983); Hervey v. Mississippi
Dept. of Educ., 2010 WL 88901, at *7 (S.D. Miss. Jan. 26, 2010)
(dismissing a Section 1981 claim against the Mississippi Department
of Education, an arm of the state, because "[p]laintiff may not
assert a § 1981 claim against a public employer"). As Brown
cannot, as a matter of law, maintain a Section 1981 claim against

either the MSDH or its actors, the Court finds Defendants are entitled to summary judgment with respect to these claims.

In his pleadings, Brown argues that "this Court should refuse to toss out [his] 1981 claim for race discrimination against MDH for his failure to list § 1983 in his Amended Complaint." See Mem in Supp. of Resp. [Docket No. 49], 28.[4]  In support of this argument, Brown cites Johnson v. City Shelby, --- U.S. ---, 135 S. Ct. 346 (2014), a case in which the Supreme Court held "no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." Id. at 347.  Even if Brown had invoked Section 1983 with respect to his discrimination claims against the MSDH, however, his claims would be barred as a matter of law based on the immunity provided to this state agency under the Eleventh Amendment to the United States Constitution.  See e.g. Jordan v. Mississippi State Dept. of Health, 2007 WL 2344963, at *3 (S.D. Miss. Aug. 16, 2007)(finding that the plaintiff's Section 1981, Section 1983, and statutory employment discrimination claims against the MSDH were subject to dismissal on the ground that that agency "is an arm of the State of Mississippi and is, therefore, entitled to immunity under the Eleventh Amendment to the United

---

[4]  Brown only argues that his Section 1981 claims against the MSDH should not be dismissed for failure to invoke Section 1983.  Based on this argument, the Court finds he has waived any imperfectly pleaded Section 1981 claims, i.e. any claims that should have been invoked under Section 1983, against Currier and/or Adcock.

States Constitution."). For these reasons, the Court finds that Defendants are entitled to summary judgment with respect to Brown's Section 1981 race discrimination claims as well as any claims that should have been alleged under Section 1983.

### ii.   Title VII Claims Against Currier and Adcock

Currier and Adcock move for summary judgment on Brown's Title VII claims, to the extent they are alleged against them in their official and/or individual capacities, on the grounds that such claims are barred as a matter of law. As to this issue, the Fifth Circuit has found that the definition of "employer" in Title VII does not impose individual liability on the agents of an employer. See Ackel v. National Commc'ns, Inc., 339 F.3d 376, 381 (5th Cir. 2003)("Individuals are not liable under Title VII in either their individual or official capacities."); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999)(explaining that case law does not interpret Title VII as imposing individual liability); Chehl v. Southern Univ. and Agric. and Mech. Coll., 34 F. App'x 963 (5th Cir. 2002)("Title VII does not impose personal liability on individuals."). Accordingly, the Court finds Currier and Adcock are entitled to summary judgment on Brown's Title VII claims.

### ii.   Title VII Claims Against MSDH

The MSDH moves for summary judgment on Brown's race

9

discrimination claim in violation of Title VII.  Under Title VII, it is "an unlawful employment action for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2 (a)(1). The MSHD has moved for summary judgment on Brown's race discrimination claims arguing there is no evidence that it had intentionally discriminated against him on that basis.

A plaintiff may prove racial discrimination using either direct or circumstantial evidence.  See e.g. Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003).  Here, because there is no direct evidence of discrimination, Brown's claim is analyzed under the burden-shifting framework used in circumstantial evidence cases.  Additionally, in cases involving "mixed motives", the Court applies the "modified McDonnell Douglas approach" set forth in Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004). Under this approach:

> [t]he plaintiff must ... demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative).   If a

10

> plaintiff demonstrates that [race] was a motivating factor in the employment decision, it then falls to the defendant to prove "that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails.

Id. at 312-13 (internal citations omitted).

To establish a prima facie case of wrongful termination under Title VII, Brown must show: (1) he belongs to a protected class; (2) he sought and was qualified for the promotion; (3) he was denied the promotion; and (4) the position he sought was filled by someone outside the protected class. Johnson v. Louisiana ex rel. Louisiana Bd. of Sup'rs for La. State Univ. Agr. and Mech. Coll., 79 F. App'x 684, 686 (5th Cir. 2003). Here, the record shows that the first, third, and fourth requirements of a prima facie case of discrimination/failure to promote are satisfied as Brown is black and, therefore, in a protected class; he was not promoted to the DHI position, and the DHI position was filled by a white male.

In moving for summary judgment, the MSDH first argues that Brown cannot establish a prima facie case of discriminatory failure to promote because he never applied for the position of DHI. The Court finds this argument is specious because it is undisputed that that position was never posted or publicized for applicants, and there has been no showing that Brown or any other potential candidate was notified that the CIO position was going to be replaced by the DHI position until Gray had already been selected

11

to fill it.  Additionally, courts have held that the absence of an application is not fatal to a Title VII/failure to promote claim in cases in which the employee can show that his application would have been futile in light of a known and consistently enforced policy of discrimination.  See e.g. Shackelford v. Deloitte & Torche, LLP, 190 F.3d 398, 406 (5th Cir. 1999)(citing Teamsters v. United States, 431 U.S. 324, 363-66 (1977)(explaining that "a consistently enforced discriminatory policy can surely deter job applications from those who are aware of it and are unwilling to subject themselves to the humiliation of explicit and certain rejection.")).  In Teamsters, the Supreme Court found that an employer's consistent discriminatory treatment of employees could be communicated in several ways including the manner in which job vacancies were publicized, the employer's recruitment techniques, the employer's response to tentative inquiries, and by the racial or ethnic composition of that part of the employer's workforce from which members of minority groups were discriminatorily excluded. Id., 431 U.S. at 365.  Here, according to the pleadings, all of the department heads under Adcock are white, he has hired whites to replace retiring African Americans, and he hired several of the white departments heads without first publicizing or posting the vacancy thereby effectively precluding anyone from applying for those positions.  See Mem. in Supp. of Resp. [Docket No. 49], 3-4. Under these circumstances, the Court finds Brown's having not

applied for the DHI position is not fatal to his prima facie case.

Second, the MSDH argues that Brown cannot maintain a prima facie case of discriminatory failure to promote because he was not qualified for the DHI position. The Court finds this argument is not supported by the record as Adcock testified that he could not specifically say whether Brown was qualified for the DHI position but, instead, the State Personnel Board would have needed to make that determination. See Mot. for Sum. J. [Docket No. 42], Ex. E (Adcock Dep.), at 44. Thus, having reviewed the pleadings and exhibits, the Court finds Brown has satisfied his burden of establishing a prima facie case of discriminatory failure to promote under Title VII.

As Brown has satisfied his burden by establishing a prima facie case of discrimination, the burden now shifts to the MSDH to articulate a legitimate, non-discriminatory reason for its employment decision. The MSDH argues that Gray was hired to the DHI position because it determined that he was the best qualified person for that job based on his project management skills and established relationship with Information Technology Services. See Mem. in Supp. of Mot. for Sum. J., 9. As correctly noted by the MSDH, "[h]iring the best-qualified individual for the job is generally a legitimate, nondiscriminatory reason for an adverse employment decision." Patrick v. Ridge, 394 F.3d 311, 318 (5th Cir. 2004).

13

As the MSDH has satisfied its burden of articulating a legitimate reason for promoting Gray, the burden shifts back to Brown who must now show that the reason(s) proffered by the MSDH are either (1) not true, but is instead a pretext for discrimination (pretext alternative); or (2) while true, are only one of the reasons for its conduct, and another "motivating factor" is his race (mixed-motive[s] alternative). The Court finds Brown has presented sufficient evidence to show that there exists genuine issues of material fact with respect to the mixed motives theory.

First, even if the decision of the MSHD to hire Gray was its belief that he was the best qualified candidate, Brown has demonstrated that the subjective criteria on which the MSDH made that decision, i.e. Gray's purported project management skills and established relationship with Information Technology Services, were not among the necessary requirements for the DHI position. See Resp. [Docket No. 47], Ex. V. In addition, the Fifth Circuit, while recognizing that the reliance on subjective criteria when making employment decisions is not *per se* discriminatory, it has also recognized that such conduct provides "a ready mechanism for discrimination." Fisher v. Proctor & Gamble Mfg. Co., 613 F.2d 527, 546 (5th Cir. 1980)(recognizing that "promotion systems utilizing subjective evaluations by all white supervisors provide a ready mechanism for discrimination."). See also Pegues v. Mississippi State Emp't Serv. of Mississippi Emp't Sec. Com'n, 699

14

F.2d 760, 765 (5th Cir. 1983)("Selection processes which rely on subjective judgments, despite the corralling by objective standards, provide the opportunity for the intentional discrimination cognizable in a disparate treatment action."). As more fully explained in Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 681 (5th Cir. 2001):

> While subjective criteria ... may serve legitimate functions, they also provide opportunities for unlawful discrimination because the criteria itself may be pretext for ... discrimination. As we have indicated before, an employer may not utilize wholly subjective standards by which to judge its employees' qualifications and then plead lack of qualification when its promotion process ... is challenged as discriminatory.

(alterations in original)(citations omitted).

Second, as discussed above, all of the department heads under Adcock are white, he has hired whites to replace retiring blacks, and he hired several of the white departments heads without first publicizing or posting the vacancy.  Although the practice of direct hiring is not per se discriminatory, the Court finds the repeated practice of hiring and directly hiring only white administrators could lead a reasonable jury to find discrimination. For these reasons, the Court finds there exists genuine issues of material fact with respect to Brown's Title VII discriminatory failure to promote claim against the MSDH.  The Motion for Summary Judgment as to this claim will, therefore, be denied.

15

**B.    Retaliation**

Brown alleges that the refusal of the MSDH to promote him to, or to even permit him to apply for, the DHI position was in retaliation for the prior discrimination lawsuits he filed against it.  Retaliation claims under Title VII are considered under the three-step, burden-shifting McDonnell Douglas formula.  See Septimus v. University of Houston, 399 F.3d 601, 608 (5th Cir. 2005).  First, a plaintiff can establish a prima facie case of unlawful retaliation under Title VII by proving: (1) he engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal connection exists between the protected activity and the adverse employment action.  See e.g. LeMaire v. Louisiana, 480 F.3d 383 (5th Cir. 2007).  If the plaintiff establishes his prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. Baker v. American Airlines, Inc., 430 F.3d 750, 754-55 (5th Cir. 2005).  After the employer states its reason, the burden shifts back to the plaintiff to demonstrate that the employer's reason is actually a pretext for retaliation. Id. at 755.  A plaintiff may satisfy his burden "by showing that the adverse action would not have occurred but for the employer's retaliatory motive." Feist v. Louisiana, 730 F.3d 450, 454 (5th Cir. 2013)(citing University of Texas Sw. Med. Ctr. v. Nassar, --- U.S. ---, 133 S.Ct. 2517, 2533 (2013)).

16

Here, the MSDH does not dispute that Brown has established the first prong of his prima facie case of retaliation as evidenced by his having filed lawsuits alleging discrimination, which is an activity protected by Title VII.  The MSDH does, however, challenge whether Brown can establish the second, adverse employment action prong because there has been no showing that he ever applied for the DHI position.  As discussed above, the Court finds, based on the circumstances in this case, which include that the DHI position was never posted or publicized, that the failure of Brown to apply for that position is not fatal to his retaliation claim. The MSDH also argues that Brown cannot establish the third, causal connection prong because the filing of his prior lawsuits/EEOC Charges were too remote in time to its decision to hire Gray to the DHI position.  Contrary to this argument, the record shows that the Fifth Circuit entered its mandate affirming the jury verdict in Brown II on February 6, 2014, and entered a corrected Judgment on April 8, 2014.  See Brown II, 3:11-cv-146 (S.D. Miss.) [Docket No. 76]  The decision to directly hire Gray to the DHI position was made near or about May 13, 2014.  Given the close proximity between the decision of the Fifth Circuit in Brown II and the decision to hire Gray, the Court finds Brown has established the third prong of his prima facie case of retaliation.

As Brown has made a prima facie showing of retaliation, the burden shifts to the MSDH to state a legitimate, non-retaliatory

reason for its decision to directly hire Gray to the DHI position.
As discussed above, the MSDH has arguably made this showing based
on its articulation that Gray was the best qualified individual for
that position.  The burden now shifts back to Brown to demonstrate
that the employer's reason is actually a pretext for retaliation,
i.e. that the adverse action would not have occurred but for the
employer's retaliatory motive.  Here, the record shows that in
close proximity to the Fifth Circuit decision in Brown II, the MSDH
made the decision to eliminate the CIO position (for which Brown
was qualified) and replace it with the DHI position (for which the
MSDH claims he was not qualified).  Thereafter, the MSDH decided to
not post or publicize the new DHI position, even though it was well
aware that Brown had wanted, and had previously applied for, the
head position in the department, but instead directly hired someone
else to that vacancy thereby thwarting any opportunity by Brown to
apply for the position. Based on this evidence, the Court finds a
reasonable, fair-minded juror could conclude that the decision made
by the MSDH with respect to the position change from CIO to DHI,
and the decision to directly hire someone to that position thereby
effectively bypassing Brown, were retaliatory.  See Hernandez v.
Yellow Transp., Inc., 670 F.3d 644, 660 (5th Cir. 2012)(explaining
that a plaintiff can avoid summary judgment on the issue of "but
for" causation by demonstrating "a conflict in substantial evidence
on this ultimate issue", and that "[e]vidence is 'substantial' if

18

it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.")(quotations omitted). Accordingly, the Court finds the Motion of the MSDH for Summary Judgment on Brown's retaliation claim under Title VII should be denied.


C.   **Equal Protection Claims**

Brown alleges that the refusal to promote him to the position of DHI, i.e. treating whites more favorably, violated his constitutional rights to Equal Protection under both the federal and state constitutions. Defendants have moved for summary judgment as to the state constitutional claims on the grounds that the Mississippi Constitution does not contain an equal protection provision. See Young v. Isola, 2016 WL 6916790, at *11 (N.D. Miss. Nov. 23, 2016). Brown has not refuted this argument. Accordingly, the Court finds Defendants are entitled to summary judgment on Brown's Equal Protection claims to the extent those claims are alleged as arising under the state constitution.

Brown also claims that Defendants violated his right to Equal Protection under the United States Constitution. As a general rule, equal protection claims under the Fourteenth Amendment "typically concern governmental classifications that impact groups of citizens in different ways." Klinger v. University of So. Miss., 612 F. App'x 222, 232 (5th Cir. 2015). Although equal protection claims

19

generally concern groups, the Supreme Court has recognized a "class-of-one" equal protection claim, which can be maintained in cases in which "an individual has 'been intentionally treated differently from others similarly situated and ... there is no rational basis for the difference in treatment.'" Id. (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). The Supreme Court, however, has held that class of one claims "do not apply in the context of public employment because 'employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify.'" Id. (quoting Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 603-05 (2008)). Because Brown's equal protection claim concerns a matter of public employment, it fails as a matter of law. See Id. ("Because [plaintiff] attempts to assert a 'class-of-one' claim in the context of public employment, his claim fails as a matter of law." Accordingly, the Motion of Defendants for Summary Judgment on Brown's Equal Protection Claims will be granted.


D.  **Same Actor Inference**

The MSDH argues that any finding of discrimination in this case would be precluded by the "same actor" inference because Adcock made both the decision to promote Brown to the position of manager of the help desk, and the decision to not permit him to

apply for the DHI position.  "The 'same actor' inference arises when the individual who allegedly discriminated against the plaintiff was the same individual who hired the plaintiff and gives rise to an inference that discrimination was not the motive behind plaintiff's termination."  Russell v. McKinney Hosp. Venture, 235 F.3d 219, 228 n.16 (5th Cir. 2000).  The Fifth Circuit has held, however, that this inference "does not rule out the possibility that an individual could prove a case of discrimination."  Id. (internal citations omitted).  Accordingly, the Court rejects the argument of the MSDH that the "same actor" inference precludes any finding of discrimination at this stage of the proceedings.  As to whether the MSDH would be entitled to have the jury instructed as to this inference is an issue the Court will take up at trial.


**E.  Mitigation**

The MSDH moves for summary judgment as to Brown's claim for backpay on the grounds that he has failed to mitigate his damages.  In support of this argument, the MSDH cites to testimony that "there have been numerous jobs, both [at the MSDH] and other agencies, at both [Brown's] level and higher levels that have come open in the years ... that he hasn't availed himself to."  Mot. for Sum. J., Ex. B (Davis Dep.), 99.  There has been no showing, however, that Brown would qualify for any or all of those jobs, or that his annual salary in any or all of those positions would be

higher than it is currently.  Accordingly, the Court finds the evidence submitted by the MSDH does not support a finding of summary judgment on its mitigation defense.

### IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants for Summary Judgment [Docket No. 42] is hereby granted in part and denied in part.

To the extent the subject Motion seeks summary judgment on the claims alleged against Mitch Adcock and Mary Currier, in both their official and individual capacities, including any claims that do not specifically reference 42 U.S.C. § 1983, the Motion is granted, and these defendants are hereby dismissed.

To the extent the subject Motion seeks summary judgment on the 42 U.S.C. § 1981 claims, the constitutional Equal Protection violation claims, and any claims that do not specifically reference 42 U.S.C. § 1983 that are alleged against the Mississippi State Department of Health, the Motion is granted, and these claims are dismissed.

To the extent the subject Motion seeks summary judgment on the Title VII discriminatory failure to promote and retaliation claims alleged against the Mississippi State Department of Health, the

Motion is denied.

To the extent the subject Motion seeks summary judgment on the issues of same actor inference and mitigation, the Motion is denied.

SO ORDERED this the 13th day of December, 2017.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE